IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CHANELL D. WILLIAMS,

                Plaintiff,

-vs-

RENTGROW, INC.,

                Defendant.

Case No.: 1:21-cv-3086

**JURY TRIAL DEMANDED**

## COMPLAINT

Chanell D. Williams ("Plaintiff" or "Ms. Williams"), by and through her attorneys, brings this Complaint against RentGrow, Inc. ("Defendant" or "RentGrow") and states as follows:

## INTRODUCTION

1. This is an individual action for damages, costs, and attorneys' fees brought against RentGrow pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2. RentGrow is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports, also known as "tenant screening reports," generated from its database, or the databases of wholesale criminal and housing records vendors it contracts with, and furnishes these consumer reports to landlords who use the reports to make decisions regarding whether to rent to certain consumers.

3. Defendant falsely reported to Plaintiff's potential landlord that a civil eviction action had been filed against her with an outstanding amount owed of $2,569.00 (the "civil record"). In fact, widely available public court records in Cook County, Illinois confirm that

1

Plaintiff was not subject to a civil eviction action because the case against Plaintiff was dismissed and sealed on May 10, 2019—over eight (8) months prior to RentGrow's publication of the inaccurate civil record information.

4. As a result of that sealing order, the court record associated with the civil record is impounded and unavailable. A cursory search of the Cook County Clerk of Court's online electronic docket returns no results for the case number related to the civil record. Further, a search of the more comprehensive in-person terminal at any of the Cook County courthouses confirms there is no publicly available information regarding the civil record.

5. Defendant's inaccurate reporting resulted in a denial of Plaintiff's ability to rent the apartment unit of her choice that was suitably accommodating of her needs, which caused her physical injury as a result of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss.

6. Defendant's inaccurate reporting could have been easily remedied had it consulted current public court records prior to reporting the inaccurate civil record and publishing the inaccurate tenant screening report regarding Plaintiff to her prospective landlord.

7. Defendant does not employ or follow reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ and follow reasonable procedures resulted in Plaintiff's tenant screening report being inaccurate.

8. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims for failure to employ and follow reasonable procedures to assure maximum possible accuracy based on § 1681e(b) of the FCRA.

## THE PARTIES

9. Plaintiff Chanell D. Williams is a natural person who resides in Chicago, Illinois, and who is a "consumer" protected by the FCRA.

10. Defendant RentGrow, Inc. ("Defendant" or "RentGrow") is a Delaware corporation doing business throughout the United States, including in the State of Illinois, and has a principal place of business located at 307 Waverly Oaks Road, Suite 301, Waltham, Massachusetts 02452.

11. Among other things, RentGrow sells consumer reports, often called background checks, tenant screening reports, and credit reports, to landlords for their use in deciding whether to rent to a prospective tenant. These reports are sold to landlords in connection with a business transaction initiated by the consumer.

12. RentGrow is a consumer reporting agency as defined under 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in whole or in part in the practice of assembling and/or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports for tenant screening purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

13. RentGrow is also a "reseller" as defined at 15 U.S.C. § 1681a(u), which is a "consumer reporting agency that—(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced."

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE FCRA'S PROTECTIONS FOR HOUSING APPLICANTS

16. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting. It regulates all consumer reports such as the tenant screening report prepared in Plaintiff's name.

17. In the parlance of the FCRA, background checks and tenant screening reports are "consumer reports," and providers of background checks and tenant screening reports are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

18. The FCRA provides a number of protections for housing applicants who are subject to background checks and tenant screening reports.

19. The FCRA imposes duties on consumer reporting agencies to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

20. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

21. Defendant disregarded these duties with respect to Plaintiff's tenant screening report.

# FACTS

## Plaintiff Applies to Rent an Apartment Unit at Pangea Apartments

22. In or about December 2019, Plaintiff began looking for apartments to rent in Chicago, Illinois. Plaintiff was seeking a three-bedroom apartment unit in a safe neighborhood that had individual bedrooms for each of her two children.

23. On or about January 2020, Plaintiff submitted a rental application for a three-bedroom apartment unit at Pangea Apartments located at 4750 Calumet Avenue, Chicago, IL 60615.

24. Plaintiff immediately made arrangements for the move and began packing her belongings.

25. Plaintiff's move-in date at Pangea Apartments, which was contingent upon passing a background check, was set for January 2020.

## RentGrow's Inaccurate Tenant Screening Report

26. Pangea Apartments contracted with RentGrow to provide tenant screening reports, which are consumer reports also known as background checks, on prospective tenants used to determine whether a prospective tenant is eligible to rent an apartment unit.

27. On or about January 12, 2020, Pangea Apartments obtained a consumer report regarding Plaintiff from RentGrow, which it calls a "Screening Report," including a compilation of Plaintiff's credit report, a criminal record report, and eviction report.

28. The Screening Report is a consumer report regulated by the FCRA.

29. The "Premium National Civil Court Records Search" section of the Screening Report included the following information:

> Case #: 19M1702451
> FILING on 02/13/2019
> **Plaintiff:** POAH COMMUNITIES
> **Defendant:** WILLIAMS, CHANELL
> **Address:** 6456 S MARYLAND AVENUE, CHICAGO IL 60637
> **Court:** COOK LAW MAGISTRATE - CHICAGO
> **Action Type:** CV
> **Filing Type:** NEW SUIT
> **Amount:** 2,569.00
> **Assets:** 0.00

30. RentGrow's reporting was false. The aforementioned civil record should not have been included in Plaintiff's Screening Report.

31. Any member of the public who took a five-minute cursory review of the widely available public court records regarding the above-referenced civil record could confirm the flaw in RentGrow's consumer report regarding Plaintiff. It is indisputable that prior to RentGrow supplying Plaintiff's Screening Report to Pangea Apartments, RentGrow failed to consult widely available public court records in Cook County, Illinois, which lack any and all record of the civil record reported by RentGrow.

32. Instead of verifying the accuracy of the civil record, which would involve due diligence to confirm whether it had been sealed since its initial filing, RentGrow purchased the civil record information from an unreliable data vendor and thereafter blindly relied upon the outdated civil record, which was not up-to-date, without taking any steps to verify its accuracy in advance of publishing it as part of Plaintiff's Screening Report.

33. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's consumer reports and the files it published and maintained.

**Plaintiff's Rental Application is Denied Due to RentGrow's Inaccurate Tenant Screening Report**

34. As a direct result of RentGrow's false and inaccurate reporting, the status of the "Individual Result" section of Plaintiff's Screening Report from RentGrow indicated: "Reject Applicant." More specifically, the "Reasons for Result" section indicated: "Civil Court History Does Not Meet Property Requirements."

35. On January 13, 2020, Plaintiff received email correspondence from Pangea Apartments stating that her rental application had been denied because she did not meet the property's minimal rental requirements.

36. Plaintiff, unsure of what to do and feeling extremely discouraged, attempted to secure alternate housing without success.

37. From January 2020 through July 2020, Plaintiff and her children were forced to reside with her sister and other family friends in order to have a roof over their heads.

38. It was not until July 2020 that Plaintiff was finally able to secure an alternate apartment unit for rent, which was far inferior to the unit she had applied for and was qualified to rent at Pangea Apartments.

39. On March 1, 2021, Plaintiff disputed the inaccurate information contained within her Screening Report via RentGrow's online portal and attached copies of her driver's license and the Sealing Order from Cook County.

40. One week later, on March 8, 2021, Plaintiff received email correspondence from RentGrow confirming that it had received her dispute.

41. Four days later, on March 12, 2021, Plaintiff received email correspondence from RentGrow confirming that it had reinvestigated her dispute and removed the civil record from her consumer report. An updated copy of RentGrow's Screening Report about Plaintiff confirmed the

status of the "Premium National Civil Court Records Search" section of Plaintiff's updated Screening Report indicated: "Dispute Completed, Meets Property Requirements."

42. But for RentGrow's false Screening Report, Plaintiff's rental application would have been accepted by Pangea Apartments, and she would have secured her desired apartment immediately and been allowed to move in as scheduled in January 2020.

43. Defendant does not have reasonable procedures in place to assure maximum possible accuracy because it would not make as much money if it implemented such procedures. Instead, Defendant merely collects criminal record information from unreliable, third-party vendors, which it repackages and sells as rental screening products without taking any steps to independently verifying the accuracy of said information.

44. Despite knowing that its procedures are unreasonable and do not assure the maximum possible accuracy required by the FCRA, Defendant persists in utilizing procedures in reckless or knowing disregard for the rights of consumers, causing the very type of damages suffered by Plaintiff.

45. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

46. As a direct result of Defendant's conduct, action, and inaction, Plaintiff has suffered these injuries resulting in damages, including a denial in the ability to rent the apartment unit she desired; the expenditure of time and money disputing inaccurate information to try and clear her name and force Defendant to comply with the FCRA's mandates; damage to her reputation; loss

of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

47. Plaintiff relies on the factual allegations contained within paragraphs 1-46 of this Complaint, which are the factual bases of each cause of action herein.

48. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

49. Defendant is also a "reseller" as defined at 15 U.S.C. § 1681a(u), which is a "consumer reporting agency that—(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced."

50. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

51. At all times pertinent hereto, the above-mentioned Screening Report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

52. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's consumer reports and the files it published and maintained.

53. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered these injuries resulting in damages, including a denial in the ability to rent the apartment unit she

desired; the expenditure of time and money disputing inaccurate information to try and clear her name and force Defendant to comply with the FCRA's mandates; damage to her reputation; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

54. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

55. In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.

56. Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Determining that Defendant negligently and/or willfully violated the FCRA as alleged herein;

b) Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;

c) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

d) Granting further relief, in law or equity, as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted,

UHRICH LAW, P.C.

*/s/ Steven J. Uhrich*
Steven J. Uhrich, IL Bar No. 6310369
3317 West Fullerton
Chicago, Illinois 60647
Telephone: (773) 969-6337
Email: steven@uhrichlawpc.com

BERGER MONTAGUE, PC

*/s/ Hans W. Lodge*
Hans W. Lodge, MN Bar No. 397012
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 607-7794
Fax: (612) 584-4470
hlodge@bm.net

*ATTORNEYS FOR PLAINTIFF*